UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 06-59-DLB-JGW

UNITED STATES OF AMERICA                                                        PLAINTIFF

VS.

TIMOTHY MAXBERRY                                                                    DEFENDANT

## REPORT AND RECOMMENDATION

On December 9, 2013 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, TIMOTHY MAXBERRY, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Kerry Neff and the United States was present through Assistant United States Attorney Anthony Bracke. The proceedings were recorded as an audio file and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the December 5, 2013 violation report of U.S.P.O. Thomas A. Barbeau.

After pleading guilty to Possession with Intent to Distribute Crack Cocaine, a Class B felony, in violation of 21 U.S.C. §841(a)(1), Maxberry was sentenced on February 15, 2007 to 92 months imprisonment followed by 48 months supervised release. On December 5, 2008 that sentence was amended to 77 months imprisonment and the defendant's supervision began on February 28, 2012. He now stands charged with the following violations:

1

**VIOLATION #1: THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER**.

During an office visit on March 12, 2013 Maxberry was asked by his probation officer if he had been prescribed any medication not reported to the probation office in the past 5 months. Defendant was advised that the probation office may search a pharmacy data base to see if clients have been prescribed any medication. Maxberry answered in the negative. On March 28, 2013 an Ohio Automated Rx Reporting System (OARRS) search was conducted which indicated that Maxberry had filled prescriptions for Buprenorphine (a Schedule III semi-synthetic opioid) on January 21, 2013, January 30, 2013, February 25, 2013, February 27, 2013 and March 27, 2013. All of this medication was prescribed to defendant by Roslyn Seligman, a Cincinnati physician.

On April 16, 2013 Maxberry admitted to his probation officer that he had in fact been prescribed the above medication. Maxberry indicated that he had become addicted to pain medication prescribed to him by another physician in September, 2012 to address shoulder and arthritis pain. U.S.P.O. Barbeau corresponded with Dr. Seligman who confirmed her treatment of the defendant, indicating that Maxberry had not provided her with much information regarding his prior substance abuse history.

**VIOLATION #2: THE DEFENDANT SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE.**

On June 7, 2013 Maxberry submitted a urine sample which tested positive for the presence of cocaine. Maxberry admitted to this officer that he had used cocaine for a few days prior.

**VIOLATION #3: THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME.**

On June 17, 2013 Maxberry was charged with Trafficking in a Controlled Substance and

Possession of a Controlled Substance by the Maysville, Kentucky Police. It is alleged that on June 17, 2013 Maxberry sold an amount of heroin in exchange for $50.00. Maxberry's vehicle was stopped by police a short time later, and he was found to be in possession of 12 Xanax tablets, one hydrocodone tablet, and marked United States currency which had been used to make the heroin purchased by the police. He also had in his possession two plastic bags which contained small tan rocks which field tested positive for opiates. On September 13, 2013 Maxberry was convicted of Drug Trafficking in the First Degree and Possession of a Controlled Substance (a misdemeanor) in Mason County, Kentucky Circuit Court (Docket No. 13-cr-00073). Defendant was sentenced to 3 years imprisonment on the drug trafficking charge, and 180 days imprisonment on the drug possession charge. He was granted parole on December 3, 2013. Pursuant to 18 U.S.C. §3583(g)(1) revocation of supervised release is mandatory if the offender possesses a controlled substance.

As the defendant had been notified at his initial appearance, the sentencing guideline range is 33-36 months and the United States has recommended that the defendant be sentenced to 36 months incarceration. The government noted that defendant has 4 felonies and the underlying offense in this instance was also drug related. In mitigation defendant points to his steady work at Dayton Power & Light as a luminator for the past 10 months. However, the defendant's repeated drug offenses can not go unpunished especially in light of the defendant's underlying criminal record. Accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above, and that his supervised release be REVOKED;

2. That the defendant, TIMOTHY MAXBERRY, be sentenced to the custody of the

Attorney General for a period of **THIRTY-SIX (36) MONTHS** to run consecutive to any state sentence which may be imposed.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 11th day of December, 2013.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge